Milton Albert, J.
Pursuant to chapter 669 of the Laws of 1964 the claimant filed a claim in the Court of Claims, seeking credits permitted by such enabling act for expenditures charged to the New York State Thruway Authority for improvements to State facilities.
After a considerable trial before three Referees, with Justice Sydney F. Foster sitting as a Judge of the Court of Claims (50 Misc 2d 957), a judgment was entered in favor of the claimant in the amount of $30,842,427 for sums expended for State betterments having no Thruway Authority purpose but charged to the Authority at the request of the State. It was also found that the debt of the Thruway Authority to the State, and against which the judgment was to be a credit, was $24,668,713.54.
On appeal, the Appellate Division of the Supreme Court of the Third Judicial Department affirmed the judgment (28 A D 2d 607). On appeal from the order of the Appellate Division, the Court of Appeals by a decision handed down July 2, 1968 (22 N Y 2d 509) modified the judgment to eliminate therefrom the credits for the depreciated value of the original highway pavement necessarily replaced in eliminating grade crossings, and to disallow the credit for construction of the grade crossing structure, ramps and grading at the intersection of the Palisades Interstate Parkway with the Thruway. In all other respects, the order was affirmed.
On July 26, 1968, the claimant, by an order to show cause, moved in the Court of Claims for an order directing the Clerk of the Court of Claims to enter a modified judgment as prepared by counsel on behalf of the claimant. This motion was opposed by the State and argument thereon was heard on July 30, 1968. Meantime, the State had moved in the Court of Appeals on July 29, 1968, for a reargument or, in the alternative, to amend the remittitur. This court deferred decision on the order to show cause pending the decision of the Court of Appeals on the State’s motion. On October 10, 1968 (22 N Y 2d 938) the Court of Appeals handed down its decision denying the State’s motion and directing a computation of the judgment in accordance with that court’s opinion of July 2, 1968 as reported in 22 N Y 2d 509. The parties differed as to the items that should be included within the scope of the modification by the Court of Appeals and also differed on the question of whether interest should be allowed the claimant on its judgment from the date thereof.
*19 The credit for the construction of the Palisades Interstate Parkway interchange was disallowed by the Court of Appeals in the sum of $1,397,054. Included in this sum were the construction costs and a 10% credit for engineering and administrative costs. In this court’s view, inclusion of such 10% credit is significant with respect to the other credits which were disallowed by the Court of Appeals and which will be considered below.
As stated above, the Court of Appeals by its modification disallowed, in general language, items for the depreciated value of pavement necessarily replaced by the Authority in eliminating grade crossings. Accordingly, findings Nos. 9 — -83, and referred to in the Referees ’ findings as the “ I ” items (State highways reconstructed over Thruway), are disallowed. These findings total $5,030,873. An added disallowance» is made for engineering and administrative costs in the amount of 10%, consistent with the decision of the Court of Appeals as it related to that court’s disallowance of the credit concerning the Palisades Interstate Parkway interchange. This amounts to $503,083. (Discrepancy in an exact 10% occurs by reason of rounding out of odd amounts in arriving at the 10% for each of the findings).
The “ J ” findings . (State highways' -reconstructed under Thruway or Thruway constructed over existing State highways), which for the instant purposes include findings Nos. 84, 85, 88, 90, 96, 97, 98, 100,101,102,104,105, 106,107,110, 111 and 116, are disallowed because this court hereby determines that such disallowance is required by and within the purview of the decision of the Court of Appeals concerning elimination of credits for the depreciated value of original highway pavement necessarily replaced in eliminating grade crossings. These findings totaled $1,004,240 and the 10% for engineering and administrative costs attributable thereto totals $100,422.
On the hearing of the motion, the State contended that findings No. 118 and 119 under item “ K ” (acquisition of lands for and improvements to State highway system in vicinity of specified intérchanges), findings No. 120 and No. 122 under item “ L ” (acquisition of lands for and improvements to State highway system at specified realignment sites), and finding No. 128 under item “ M ” (acquisition of lands for and improvements to State highway system at specified construction sites) also should be disallowed. In all five instances there were allowed findings in terms of depreciated value of pavement. This court finds that items Nos. 118, 119, 120 and 122 were for the purpose of eliminating grade crossings and thus were within *20 the purview of the decision of the Court of Appeals as to items to be disallowed. However, with respect to item No. 128, the Court of Appeals, in a footnote on page 524 of 22 N Y 2d, said that Route 332 (to which item No. 128 relates) “ was relocated for the sole benefit of the State.” Accordingly, item No. 128 is not disallowed.
The judgment granted to the claimant was not the usual type of judgment, in that all that was permitted by the enabling act was a credit against any balance due under advances made by the State for Thruway purposes.* Thus, the award was to result in a judgment in an amount to be applied as a credit and the enabling act provided that the award “ must be without interest ”. At the argument on the order to show cause, the claimant claimed that it should be allowed interest from the date of entry of the original judgment. After studying the enabling act, the court finds that it was the intention of the Legislature to provide for a special kind of judgment in the instant case which would be in the nature of a credit and only up to the amount due by the Authority to the State, rather than the usual money judgment. Therefore, interest as for an ordinary money judgment should not be allowed. (See CPLR 5003, 105, subd. [n]; Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 5003, p. 541; Court of Claims Act, § 20, subd. 7.)
Judgment is to be entered upon the remittitur of the Court of Appeals in conformance with this decision.
Accordingly, the Clerk of the Court of Claims is hereby directed to modify the original judgment as follows:
original judgment............................. $30,842,427
DISALLOWED:
Finding No. 3................... $ 1,397,054
(Palisades Interstate Parkway interchange)
Findings Nos. 9 — 83............. $ 5,030,873
Engineering and administrative
costs (10%) ................ $ 503,083
Findings Nos. 84, 85, 88, 90, 96, 97,
98, 100, 101, 102, 104, 105, 106,
107, 110, 111 and 116........... $ 1,004,240
Engineering and administrative
costs (10%) ................ $ 100,422
*21 Findings Nos. 118, 119, 120 and 122 $ 1,183,534 Engineering and administrative
costs (10%) ................ $ 118,354
TOTAL DISALLOWED.............................. $ 9,337,560
JUDGMENT AS MODIFIED........................... $21,504,867

L. 1964, ch. 669, § 5. “ Any award resulting from such claims [of the Authority] must be without interest and shall be applied as a credit upon, and may not exceed, the amount of the balance due under the advances made by the state for thruway purposes.”